IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SSGC JOHN DOE 11981680,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 25-3837-SAG |
| | * | |
| **SISTERS OF MERCY OF THE AMERICAS SOUTH CENTRAL COMMUNITY, INC.,** *et al.*, | * * * | |
| | * | |
| Defendant. | * | |
| | * | |

*************

## MEMORANDUM OPINION

This case is one of three cases filed in state court by pseudonym plaintiffs against Sisters of Mercy of the Americas South Central Community, Inc. ("South Central") and Sisters of Mercy of the Americas, Inc., ("SOMA"), alleging sexual abuse under the Maryland Child Victims Act. *See* ECF 2; *SSGC John Doe 11987086 v. Sisters of Mercy*, Civ. No. 25-03836-SAG; *SSGC John Doe 12111341 v. Sisters of Mercy*, Civ. No. 25-3843-SAG. After each plaintiff agreed to voluntarily dismiss the claims against SOMA, a Maryland citizen, without prejudice, on November 24, 2025, South Central removed all three cases to this Court on the basis of diversity jurisdiction. *See* ECF 1 (in all three cases). All three cases are presently pending before the undersigned judge.

In response, on December 15, 2025, the plaintiff in each case filed an Amended Complaint seeking to re-add claims against SOMA, a non-diverse defendant. ECF 11; ECF 9 in 25-2836-SAG; ECF 11 in 25-3843-SAG. The Amended Complaints in the other two cases included new federal claims, such that this Court's exercise of subject matter jurisdiction would remain appropriate. But in the instant case, the Amended Complaint does not include federal claims. Plaintiff has therefore filed a motion to remand. ECF 14. South Central has opposed the motion,

1

ECF 19, and Plaintiff has filed a reply, ECF 23. South Central has also filed a motion to strike the Amended Complaint, ECF 15, claiming that it was improperly filed. Plaintiff has opposed that motion, ECF 20, and South Central has filed a reply, ECF 25. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, South Central's Motion to Strike is denied, Plaintiff's Motion for Remand is granted, and this case is remanded to state court.

I.   PROCEDURAL AND FACTUAL BACKGROUND

This case involves allegations that Plaintiff was abused by a priest associated with the religious school he attended in the 1960s. ECF 11. Plaintiff originally sued both South Central and SOMA in the Circuit Court for Baltimore County. ECF 2. South Central alleges that SOMA was formed in 1989 as a nonstock corporation under Maryland law and merged into "Sisters of Mercy of the Americas, Inc.," a nonprofit Missouri corporation, in 2010 ("SOMA Missouri"). ECF 19 at 2–3. SOMA Missouri maintains its principal place of business in Maryland. *Id.* In the view of South Central, although it denies any liability, the appropriate corporate defendant in this case would have been Sisters of Mercy of Baltimore, Inc., which was formed in 1941. *Id.* Sisters of Mercy of Baltimore, Inc. has now merged into South Central, which was formed under the laws of Missouri and maintains its principal place of business in North Carolina. *Id.*

After receiving the state court complaint, counsel conferred and the three plaintiffs agreed to dismiss SOMA as a defendant in state court, reserving the right to reinstitute the claim if they learn through discovery that SOMA is a proper defendant. ECF 19-3. The parties therefore filed a joint stipulation of partial voluntary dismissal without prejudice. ECF 4.

Because the remaining parties were diverse, South Central then removed the case to this Court on November 24, 2025. ECF 1. On December 15, 2025, without seeking South Central's

2

consent or leave of Court, Plaintiff filed an Amended Complaint, again naming SOMA as a Defendant. ECF 11.

The inclusion of SOMA as a Defendant would defeat complete diversity of citizenship and would require remand of this case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II.  ANALYSIS

In a diversity case, the Court applies federal procedural rules. *See, e.g.*, *Chartis Prop. Cas. Co. v. Huguely*, 243 F. Supp. 3d 615, 622 (D. Md. 2017). Federal Rule of Civil Procedure 15(a)(2) provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff obtained neither, simply docketing his Amended Complaint. He contends that he could file it as of right within 21 days of removal, but no such provision exists in the rule. He has therefore technically violated Rule 15(a)(2).

This Court declines, however, to strike the Amended Complaint and instead will grant leave for its filing *nunc pro tunc*. The reason is that Rule 15(a)(2) requires courts to "freely give leave when justice so requires." The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Delay alone is not sufficient reason to deny leave to amend. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). Rather, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *see also Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).

Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber*, 438 F.3d at 428.

In this case, given that diversity jurisdiction will be defeated if amendment is permitted, this Court must "consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (quoting *Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D.W. Va. 1998)). Looking closely at Plaintiff's actions here and his counsel's actions in the two similarly situated cases, it is clear that they did not take this action with intent to defeat federal jurisdiction. In fact, in two of the three cases, their Amended Complaints added federal claims, permitting the cases to remain in this Court despite SOMA's addition. The instant case, though, does not fall into that category. Plaintiff has explained that the reason for the amendment is not to defeat federal jurisdiction, but to ensure his ability to amend to add SOMA as a defendant. In federal court, scheduling orders frequently limit the time for amendment of pleadings to the earliest stages of the litigation, making the ability to amend during or after discovery more questionable. In light of the complex facts underlying the historic corporate relationships, Plaintiff amended to name SOMA to ensure his ability to maintain a claim against SOMA if appropriate. Such amendment makes logical and strategic sense, and Plaintiff could be significantly injured if amendment were foreclosed but SOMA was eventually deemed to be the proper defendant. Finally, although Plaintiff missed the 21-day window to amend as of right, it cannot be said that he was "dilatory" in seeking amendment. He acted promptly after learning the case had been removed to federal court and considering the implications with respect to the naming of the various entities. South Central suffered no prejudice from the brief delay.

Thus, under the liberal amendment standards in Rule 15, this Court would have granted Plaintiff leave to amend had a motion been filed. And, given that the parties' relevant arguments are squarely presented in these motions, this Court sees no basis to require all parties to jump through the procedural hoops of striking the Amended Complaint, proceeding through an inevitably unsuccessful request to obtain consent for amendment, and requiring full briefing of a motion for leave to amend. It will thus construe the Amended Complaint as a motion for leave to amend and will grant it *nunc pro tunc*. The motion to strike the Amended Complaint will therefore be denied.

South Central correctly noted that this Court would have the option of denying joinder, thus forcing Plaintiff to sue SOMA in state court and South Central in this forum. Separating the two defendants into two different cases makes no practical sense, given that discovery will be focused on ascertaining the corporate entity responsible for any eventual liability. This Court finds no improper purpose for the amendment, no prejudice, and no bad faith, and credits Plaintiff's explanation for why he re-named SOMA once the case was removed to federal court. Accordingly, with SOMA as a defendant in the Amended Complaint and with no federal claims asserted, this Court lacks subject-matter jurisdiction and the case must be remanded.

## III.     CONCLUSION

For the reasons set forth above, this Court will construe Plaintiff's Amended Complaint as a motion for leave to amend and will grant leave *nunc pro tunc*. South Central's Motion to Strike, ECF 15, will be DENIED and Plaintiff's Motion for Remand, ECF 14, will be GRANTED because this Court will be deprived of subject matter jurisdiction once the Amended Complaint becomes operative. The case will be remanded to the Circuit Court for Baltimore County, Maryland for further adjudication. A separate Order is filed herewith.

Dated:  February 6, 2026                                                          /s/
                                                                        Stephanie A. Gallagher
                                                                        United States District Judge